Per Curiam.
The question here presented is whether the state can take money which has been set aside for the payment of awards to injured workmen and the dependents of killed workmen and transfer it to the money comprising the General Revenue Fund of the state.
Section 35 of Article II of the Constitution provides that, for the purpose of providing compensation to workmen and their dependents for death, injury or occupational disease occasioned in the course of such workmen’s employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers and to be administered by the state.
Section 4123.29, Revised Code, provides that the Industrial Commission shall classify and fix rates Of premiums to maintain a State Insurance Fund. Section 4123.30, Revised Code, provides that money contributed by certain employers shall constitute a “public fund,” that money contributed by certain other employers shall constitute a “private fund,” that such funds shall be referred to as the “State Insurance Fund,” and that such fund shall “constitute a trust fund for the benefit of employers and employees” for the payment of compensa *291 tion for losses sustained on account of injury, disease or death, as provided in Sections 4123.01 to 4123.94, Eevised Code, “and for no other purpose.” There is no provision for payment of administrative costs.
The provisions of the appropriation act above referred to are ambiguous. They do not direct whether the payments shall be made from the “public fund” or the “private fund,” or, if it is to be assumed that payments are to be made from both funds, the question then arises, in what proportion. No provision is made for the exercise of discretion by the Industrial Commission or other state agency.
Section 4123.341, Eevised Code, defines administrative costs and provides that one-third thereof shall be paid from general revenues in order to discharge the state’s obligation to render justice to employees and employers. Section 4123.342, Eevised Code, provides that counties, taxing districts and private employers shall pay two-thirds of such costs.
The policy of the state relative to the State Insurance Fund and administrative costs has been declared by the constitutional and statutory provisions above referred to, and the General Assembly has not, because of the ambiguous provisions of the appropriation act above referred to, either expressly or by clear implication declared an intention to modify or change such policy. Such provisions of the appropriation act are in conflict with the established policy of the state and are violative of the express limitation placed upon the State Insurance Fund by Section 35, Article II of the Constitution.
No part of the State Insurance Fund, a trust fund for the benefit of employers and employees, may be used for administrative purposes except as provided in Section 4123.342, Eevised Code, and the Industrial Commission was without authority to adopt its resolution attempting to transfer money from the State Insurance Fund to the general fund in accordance with the appropriation act.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.